**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ROOR INTERNATIONAL BV, a Foreign Corporation, and SREAM, INC., a California Corporation. | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § § | CIVIL ACTION NO. 4:18-CV-03700 |
| | § § | JURY |
| HIGH TIMES and JOE DOE, | § § § | |
| *Defendants*. | § | |

**DEFENDANT HIGH TIMES' ORIGINAL ANSWER TO**
**PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Defendant, HIGH TIMES, ("High Times") answers the Complaint for Injunctive Relief and Damages filed by Plaintiffs ROOR INTERNATIONAL BV, ("RooR Int'l"), and SREAM, INC., ("Sream"), as follows:

**A.     Response to Allegations Contained in Plaintiffs' complaint for Injunctive Relief and Damages**

**Jurisdictional Allegations**

1.     Defendant denies that Plaintiffs have a valid claim against Defendants under the Lanham Act. Otherwise, Defendant does not deny that the Court has jurisdiction over the claims asserted by Plaintiffs in this suit.

2.     Defendant denies that Plaintiffs have a valid claim against Defendants for trademark infringement, counterfeiting, and false designation of origin and unfair competition pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). Otherwise, Defendant does not deny that the Court has jurisdiction over the claims asserted by Plaintiffs in this suit.

1

3.     Defendant admits that it is subject to the jurisdiction of this Court. Otherwise denied as Defendant is not making an appearance on behalf of any other party to this suit.

**Venue**

4.     Defendant does not challenge the venue of this suit.

**Parties**

5.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

6.     Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 6 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

7.     Defendant states only that High Times is an entity doing business under Mal International, Inc., a Texas corporation, with its principal place of business located at 6881 S. Gessner Road, Houston, Texas 77036. Defendant denies all remaining allegations in Paragraph 7.

8.     Defendant denies the allegations in Paragraph 8 of Plaintiffs' Complaint for Injunctive Relief and Damages.

**Facts Common to All Counts**

9.     Defendant is without information or knowledge sufficient to form a belief as  to the truth of the allegations in Paragraph 9 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

10.     Defendant is without information or knowledge sufficient to form a belief as to

the truth of the allegations in Paragraph 10 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

11.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

12.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

13.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

14.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

15     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

16.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

17.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

18.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

19.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

20.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

21.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

22.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 22 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied. Defendant denies the remainder of the allegations in Paragraph 22 of Plaintiffs' Complaint for Injunctive Relief and Damages.

23.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

**Defendants' Alleged Counterfeiting and Infringing Activities**

24.     Defendant denies the allegations in Paragraph 24 of Plaintiffs' Complaint for Injunctive Relief and Damages. Further, if in fact the one product which is depicted in the

photograph attached as exhibits to Plaintiffs' Complaint for Injunctive Relief and Damages (Doc. 1-6 at Page 5 of 5) is in fact a counterfeit product purchased from the retail facility located at 6881 S. Gessner Road, Houston, Texas 77036, Defendant was unaware that the product was a counterfeit when it was purchased, marketed, and sold.

25.    Defendant denies the allegations in Paragraph 25 of Plaintiffs' Complaint for Injunctive Relief and Damages.

26.    Defendant denies the allegations in Paragraph 26 of Plaintiffs' Complaint for Injunctive Relief and Damages.

27.    Defendant denies the allegations in Paragraph 27 of Plaintiffs' Complaint for Injunctive Relief and Damages.

28.    Defendant denies the allegations in Paragraph 28 of Plaintiffs' Complaint for Injunctive Relief and Damages.

29.    Defendant denies the allegations in Paragraph 29 of Plaintiffs' Complaint for Injunctive Relief and Damages.

30.    Defendant denies the allegation in Paragraph 30 of Plaintiffs' Complaint for Injunctive Relief and Damages that Defendants have sold counterfeit goods. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

31.    Defendant denies the allegation in Paragraph 31 of Plaintiffs' Complaint for Injunctive Relief and Damages that Defendants have sold counterfeit goods. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 31 of Plaintiffs' Complaint for Injunctive Relief and Damages and the

allegations are therefore denied.

32.     Defendant denies the allegation in Paragraph 32 of Plaintiffs' Complaint for Injunctive Relief and Damages that Defendants have sold counterfeit goods. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

33.     Defendant denies the allegation in Paragraph 33 of Plaintiffs' Complaint for Injunctive Relief and Damages that Defendants have sold counterfeit goods. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 33 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

34.     Defendant denies the allegations in Paragraph 34 of Plaintiffs' Complaint for Injunctive Relief and Damages.

35.     Defendant denies the allegations in Paragraph 35 of Plaintiffs' Complaint for Injunctive Relief and Damages.

36.     Defendant denies the allegations in Paragraph 36 of Plaintiffs' Complaint for Injunctive Relief and Damages.

37.     Defendant denies the allegations in Paragraph 37 of Plaintiffs' Complaint for Injunctive Relief and Damages.

38.     Defendant denies the allegations in Paragraph 38 of Plaintiffs' Complaint for Injunctive Relief and Damages.

39.     Defendant denies the allegations in Paragraph 39 of Plaintiffs' Complaint for Injunctive Relief and Damages.

40.     Defendant denies the allegations in Paragraph 40 of Plaintiffs' Complaint for Injunctive Relief and Damages.

41.     Defendant denies the allegations in Paragraph 41 of Plaintiffs' Complaint for Injunctive Relief and Damages.

42.     Defendant denies the allegations in Paragraph 42 of Plaintiffs' Complaint for Injunctive Relief and Damages.

43.     Defendant denies the allegations in Paragraph 43 of Plaintiffs' Complaint for Injunctive Relief and Damages.

44.     Defendant denies the allegations in Paragraph 44 of Plaintiffs' Complaint for Injunctive Relief and Damages.

45.     Defendant denies the allegations in Paragraph 45 of Plaintiffs' Complaint for Injunctive Relief and Damages.

46.     Defendant denies the allegations in Paragraph 46 of Plaintiffs' Complaint for Injunctive Relief and Damages.

47.     Defendant denies the allegations in Paragraph 47 of Plaintiffs' Complaint for Injunctive Relief and Damages.

**Count One**
**Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114**

48.     Defendant hereby incorporates by reference its responses to the allegations contained in Paragraphs 1-47 of Plaintiffs' Complaint for Injunctive Relief and Damages as set forth above.

49.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 49 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

50.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 50 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

51.     Defendant denies the allegations in Paragraph 51 of Plaintiffs' Complaint for Injunctive Relief and Damages.

52.     Defendant denies the allegations in Paragraph 52 of Plaintiffs' Complaint for Injunctive Relief and Damages.

53.     Defendant denies the allegations in Paragraph 53 of Plaintiffs' Complaint for Injunctive Relief and Damages.

54.     Defendant denies the allegations in Paragraph 54 of Plaintiffs' Complaint for Injunctive Relief and Damages.

55.     Defendant denies the allegations in Paragraph 55 of Plaintiffs' Complaint for Injunctive Relief and Damages.

56.     Defendant denies the allegations in Paragraph 56 of Plaintiffs' Complaint for Injunctive Relief and Damages.

57.     Defendant denies the allegations in Paragraph 57 of Plaintiffs' Complaint for Injunctive Relief and Damages.

58.     Defendant denies the allegations in Paragraph 58 of Plaintiffs' Complaint for Injunctive Relief and Damages.

59.     Defendant denies the allegations in Paragraph 59 of Plaintiffs' Complaint for Injunctive Relief and Damages.

60.     Defendant denies the allegations in Paragraph 60 of Plaintiffs' Complaint for Injunctive Relief and Damages.

61.     Defendant denies the allegations in Paragraph 61 of Plaintiffs' Complaint for Injunctive Relief and Damages.

## Count Two
## Federal Trademark Counterfeiting, 15 U.S.C. § 1116(d)

62.     Defendant hereby incorporates by reference its responses to the allegations contained in Paragraphs 1-44 of Plaintiffs' Complaint for Injunctive Relief and Damages as set forth above.

63.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 63 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

64.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 64 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

65.     Defendant denies the allegations in Paragraph 65 of Plaintiffs' Complaint for Injunctive Relief and Damages.

66.     Defendant denies the allegations in Paragraph 66 of Plaintiffs' Complaint for Injunctive Relief and Damages.

67.     Defendant denies the allegations in Paragraph 67 of Plaintiffs' Complaint for Injunctive Relief and Damages.

68.     Defendant denies the allegations in Paragraph 68 of Plaintiffs' Complaint for Injunctive Relief and Damages.

69.     Defendant denies the allegations in Paragraph 69 of Plaintiffs' Complaint for Injunctive Relief and Damages.

70.     Defendant denies the allegations in Paragraph 70 of Plaintiffs' Complaint for

Injunctive Relief and Damages.

71.     Defendant denies the allegations in Paragraph 71 of Plaintiffs' Complaint for Injunctive Relief and Damages.

72.     Defendant denies the allegations in Paragraph 72 of Plaintiffs' Complaint for Injunctive Relief and Damages.

73.     Defendant denies the allegations in Paragraph 73 of Plaintiffs' Complaint for Injunctive Relief and Damages.

**Count Three**
**Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)**

74.     Defendant hereby incorporates by reference its responses to the allegations contained in Paragraphs 1-46 of Plaintiffs' Complaint for Injunctive Relief and Damages as set forth above.

75.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 75 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

76.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 76 of Plaintiffs' Complaint for Injunctive Relief and Damages and the allegations are therefore denied.

77.     Defendant denies the allegations in Paragraph 77 of Plaintiffs' Complaint for Injunctive Relief and Damages.

78.     Defendant denies the allegations in Paragraph 78 of Plaintiffs' Complaint for Injunctive Relief and Damages.

79.     Defendant denies the allegations in Paragraph 79 of Plaintiffs' Complaint for Injunctive Relief and Damages.

80.     Defendant denies the allegations in Paragraph 80 of Plaintiffs' Complaint for Injunctive Relief and Damages.

81.     Defendant denies the allegations in Paragraph 81 of Plaintiffs' Complaint for Injunctive Relief and Damages.

82.     Defendant denies the allegations in Paragraph 82 of Plaintiffs' Complaint for Injunctive Relief and Damages.

83.     Defendant denies the allegations in Paragraph 83 of Plaintiffs' Complaint for Injunctive Relief and Damages.

84.     Defendant denies the allegations in Paragraph 84 of Plaintiffs' Complaint for Injunctive Relief and Damages.

85.     Defendant denies the allegations in Paragraph 85 of Plaintiffs' Complaint for Injunctive Relief and Damages.

**B.      General Denial of Allegations in Plaintiffs' Complaint for Injunctive Relief**

86.     As authorized by FED. R. CIV. P. 8, Defendant generally denies that it is liable to Plaintiffs.

**C.      Affirmative Defenses**

87.     The alleged claims, and each of them, fail to state facts upon which relief can be granted.

88.     The causes of action alleged in Plaintiffs' Complaint for Injunctive Relief and Damages are barred by the applicable statute of limitations period, including the four-year statute of limitations specified in Texas Civil Practice and Remedies Code, Chapter 16.

89.     The alleged conduct of High Times, if any, is justified and/or privileged.

90.     Plaintiff is not entitled to any injunctive or equitable relief because it has adequate remedy at law.

91.     All of Plaintiff's state law claims are barred to the extent they rely on claims which are preempted by 15 U.S.C. § 1114 *et seq.* and 15 U.S.C. § 1125.

92.     Defendant additionally pleads the "open sale" doctrine and associated defenses as identified and sustained in *John Paul Mitchell Sys. v. Randalls Food Mkts.,* 17 S.W.3d 721 (Tex. App. – Austin 2000, pet. dism'd w.o.j.).

93.     Defendant reserves the right to amend its answer, to raise additional defenses against Plaintiffs upon close of discovery or in compliance with the Court's scheduling order.

**D.     Claim for Attorney's Fees**

94.     Plaintiffs' claims have no merit. Accordingly, Defendant is entitled to an award of reasonable attorney's fees incurred in defense of this action pursuant to 15 U.S.C. § 1117(a).

**E.     Prayer for Relief**

95.     Defendant denies that Plaintiffs are entitled to any of the relief sought by way of Plaintiffs' Complaint for Injunctive Relief and Damages.

Defendant HIGH TIMES respectfully prays that Plaintiffs take nothing by reason of this suit against it, that Plaintiffs' suit be dismissed with prejudice, that all costs be assessed against Plaintiffs, and that Defendant be awarded such further relief, both general and special, at law or in equity, to which it may be justly entitled.

DATED: December 31, 2018.

Respectfully submitted,

WILLIAM F. HARMEYER & ASSOCIATES, P.C.


/s/William F. Harmeyer
William F. Harmeyer
State Bar No. 09019000
Federal No. 149
945 McKinney, #644
Houston, Texas  77002
Telephone: (713) 270-5552
Email: wharmeyer@harmeyerlaw.com
Attorney for Defendant,
High Times.


<u>CERTIFICATE OF SERVICE</u>

On December 31, 2018, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District, Southern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served all counsel of record electronically, as authorized by Federal Rule of Civil Procedure 5(b)(2), including the following:

Andrew K. Jacoby
Scott, Vicknair, Hair, & Checki, LLC
909 Poydras Street, Suite 1100
New Orleans, Louisiana 70112
*Via Email: jacoby@svhclaw.com*
*Attorney for Plaintiffs*


/s/William F. Harmeyer
William F. Harmeyer

13